United States District Court
Southern District of Texas
**ENTERED**
September 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANELL ELIZABETH HAMPTON, § <br> SPN 03020688, § <br> § <br> Plaintiff, § <br> VS. § <br> § <br> ADP INC., ALPHARETTA GEORGIA, § <br> § <br> Defendant. § | CIVIL ACTION NO. H-22-3725 |

## MEMORANDUM AND ORDER

Plaintiff Janell Elizabeth Hampton (SPN 03020688) was a pretrial detainee confined in the Harris County Jail when she filed this prisoner *pro se* civil action. Doc. No. 1. Because Hampton was confined in the Harris County Jail at the time she filed this complaint, the Court is required by the Prison Litigation Reform Act (the "PLRA") to scrutinize the complaint and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). The Court has completed the required screening and concludes that this case must be dismissed for failure to state a claim for which relief may be granted.

I.  Background

Hampton states that she was employed by Defendant ADP, Inc., Alpharetta, Georgia ("ADP" or "Defendant"), in its Houston, Texas office most recently as a Senior Implementation Consultant from September 15, 2015, to October 16, 2019.[1]  She alleges that on or around October 13, 2019, her son's father, John L. Green, told ADP that she was engaged in illegal activity and was going to be arrested soon.  Hampton alleges that ADP discriminated against her and wrongfully terminated her on October 16, 2019, because of Green's statements about her alleged illegal activity.[2]

Hampton also alleges that, as a black woman over the age of 40, ADP management overloaded her with work, excluded her from key meetings related to her job responsibility, and treated her differently than her white peers.  Doc. No. 10 at 1.  She claims that she received false write-ups, no support, and verbal abuse, including one occasion where another ADP employee, Brian Falke, allegedly called her a n****r on a conference call.  Id. at 3, Doc. No. 11 at 1.  She further alleges that Falke retaliated

---

[1] She states that she was a contractor for ADP from October 14, 2014, to September 14, 2015, and became a permanent employee on September 15, 2015.  Doc. No. 10 at 2.
[2] In a separate case, Hampton also sued Green, the presiding judges in her criminal case, and unnamed Harris County Constables.  See Hampton v. Green, et al., Civ. A. No. H-22-3615 (Jan. 19, 2023) (dismissing case with prejudice as time-barred).  In Green, Hampton represents that she was arrested on October 13, 2019.  Id. at Doc. No. 1 at 6-7.

2

against her because she filed a complaint with Falke's direct supervisor and that another employee, Yvette, retaliated against her. Doc. No. 11 at 1-2.

Hampton states that after she was terminated, she filed a complaint with the Equal Employment Opportunity Commission. Doc. No. 6 at 1. She states that she filed her complaint in January 2020 and received a right to sue letter in September 2022. Doc. No. 10 at 1.

At the time Hampton filed this suit against ADP, she was confined in the Harris County Jail on a charge of violating a protective order twice within a twelve-month period in Harris County cause number 177011501010. *See* State v. Hampton, Tr. Ct. No. 177011501010 (482nd District Ct., Harris County, Tex. Apr. 4, 2023) (Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession). Upon Hampton's plea of guilty to the indictment, the court deferred her adjudication of guilt and placed her on community supervision. Id.

## II.  Legal Standard

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). On review, a court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a court reviews a prisoner's *pro se* pleadings under a less stringent standard than those drafted by an attorney and construes them liberally, including all reasonable inferences which can be drawn from them. Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972); Alexander v. Ware, 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 109 S. Ct. 1827, 1831-32 (1989); Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999) (citing Harper v. Showers, 174 F.3d 716, 718 (5th Cir. 1999) (quoting Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998)).

A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be

granted under any set of facts that could be proven consistent with the allegations. Id. (citations omitted). To survive dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). While a complaint "does not need detailed factual allegations . . . [the] allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1964-65 (citations and internal footnote omitted).

### III. Discussion

#### A. Race and Age Discrimination

To state a *prima facie* case for race discrimination under Title VII, 42 U.S.C. 2000e *et seq.*, a plaintiff must show: (1) she is a member of a protected group; (2) she was subject to an adverse employment decision; (3) she was qualified for the position; and (4) others similarly situated but outside the protected class were treated more favorably than she. Alvarado v. Tex. Rangers, 492

5

F.3d 605, 611 (5th Cir. 2007). Similarly, a plaintiff alleging an age discrimination claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq.*, must show: (1) she was discharged; (2) she was otherwise qualified for the position; (3) she was within the protected class at the time of discharge; and (4) she was either replaced by someone younger or outside the protected class or was discharged because of her age. Berquist v. Washington Mut. Bank, 500 F.3d 344, 349 (5th Cir. 2007). For discrimination claims, "[a]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." McCoy v. City of Shreveport, 492 F.3d 551, 559 (5th Cir. 2007).

Hampton fails to state a *prima facie* case for race or age discrimination. Although she states that she is a black woman and was over 40 years old at the time of her termination,[3] she asserts that she was terminated "based on illegal activity alleged from John L. Green, my son's father" and because of "John L. Green, JD, PhD, CPA, attorney at law['s] statements to the[] management and staff." Doc. No. 10 at 2. She further states that Green "said [she] was involved in illegal activity on October 10, 2019, and would get arrested on October 13, 2019, that is why [she] was

---

[3] Hampton reports that she was born on July 30, 1967. Doc. No. 10 at 3. Therefore, she was 52 years old when she was terminated on October 16, 2019.

6

terminated." Id. at 3. Hampton does not show that any other "similarly situated" employee was treated more favorably than she. She pleads no facts to show that she was terminated because of her race or because of her age, rather than because of the statements from John Green and her subsequent arrest. Therefore, her race and age discrimination claims must be dismissed for failure to state a claim for which relief may be granted.

B. Retaliation

Hampton also alleges that ADP employees retaliated against her. A plaintiff establishes a *prima facie* case of unlawful retaliation by demonstrating: (1) she engaged in protected activity; (2) she suffered an adverse employment decision; and (3) a causal link exists between the protected activity and the adverse employment decision. Medina v. Ramsey Steel Co., 238 F.3d 674, 684 (5th Cir. 2001). In the retaliation context, an adverse employment action is an action that "a reasonable employee would have found ... [to be] materially adverse, which ... means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 126 S. Ct. 2405, 2415 (2006) (internal quotation marks omitted).

Hampton's allegations of retaliation are scant and

conclusory. She mentions retaliation once on page 3 of her complaint but does not plead any facts to support the claim in that document. *See* Doc. No. 1. She subsequently submitted another document (Doc. No. 6) and mentions "retaliation" only in connection with her criminal charge in Harris County cause number 167799901010. Doc. No. 6 at 3.[4] She does not allege "retaliation" in her More Definite Statement. See Doc. No. 10. However, in a two-page, handwritten letter to the Court dated February 12, 2023, she alleges that Brian Falke (the plaintiff's manager) "wrote her up because she filed a complaint with Brian's Direct Manager." Doc. No. 11 at 1. She further alleges that Falke discriminated against her based on her color by calling her a n****r on a conference call and overloaded her with work without directives or assistance. Id. She alleges that Yvette Bassett retaliated against her when she went to her manager regarding her raise and work assignments. Hampton alleges that Bassett used Falke's write-up and stated that she was "retaliating against the complaint because of a written review the plaintiff wrote on her." Doc. No.

---

[4] Hampton was charged in a felony indictment in Harris County cause no. 167799901010: "Janell Hampton, . . . on or about May 15, 2020, did then and there unlawfully, intentionally, and knowingly harm and threaten to harm Nyesha Green by an unlawful act, namely assault, in retaliation for and on account of the service and status of Nyesha Green as a person who has reported the occurrence of a crime." (Indictment in cause number 16779901010). The case was dismissed on the prosecution's motion on April 3, 2023, because "Defendant was convicted in another case in cause no. 177011501010." (State's Motion to Dismiss).

11 at 2.

Hampton does not plead sufficient facts to state a claim for retaliation. She does not state when any of the events occurred with Falke or Bassett to show a chronology of events from which causation could reasonably be inferred. She also fails to show a connection between any protected activity and a retaliatory adverse action. Her pleadings are vague and conclusory and fail to state a plausible claim. Iqbal, 129 S. Ct. at 1954 (explaining that "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context").

In addition, Hampton's vague references to a poor review from Bassett and being "written up" by Falke do not amount to adverse employment actions sufficient to support a retaliation claim. *See* Johnson v. McDonald, 623 F. App'x 701, 704 (5th Cir. 2015) (holding that a low performance evaluation is not an adverse employment action and that plaintiff's allegation that he was denied performance pay was "speculative at best"); King v. Louisiana, 294 F. App'x 77, 84 (5th Cir. 2008) ("[A]llegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions as discrimination or retaliation"); Aryain v. Wal-Mart Stores Texas LP, 534 F.3d 473, 486 (5th Cir. 2008) (holding that denials

of break requests were nothing more than "petty slights" or "minor annoyances" and not adverse employment actions); <u>Earle v. Aramark Corp.</u>, 247 F. App'x 519, 524 (5th Cir. 2007) (holding that "excluding [the plaintiff] from a training lunch, subjecting her to disciplinary write-ups, and micro-managing her performance" are not "materially adverse employment actions" under Title VII). Further, as explained above, Hampton does not show that retaliation, and not her illegal activity and arrest, were the but-for cause of her termination. Hampton's retaliation claim must be dismissed for failure to state a claim for which relief may be granted.

## IV. <u>ORDER</u>

Based on the foregoing, it is hereby

**ORDERED** that this case is **DISMISSED** with prejudice; and it is

**ORDERED** that all other motions, if any, are **DENIED**.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 8TH day of September, 2023.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE